**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BRITANI POTTER** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**STATE OF KANSAS** )<br>)<br>**Please serve at:** 120 SW 10th Ave #2, )<br>Topeka, KS 66612 )<br>)<br>)<br>**DERENDA MITCHELL,** in her )<br>individual capacity )<br>)<br>**Please serve at:** 800 SW Jackson )<br>Lower Level-Suite A )<br>Topeka, KS 66612 )<br>)<br>**Defendants.** ) | **Case No.** |

**PETITION FOR DAMAGES**

COMES NOW, Britani Potter ("Plaintiff"), by and through the undersigned counsel, and for her Petition for Damages against Defendants, alleges and states the following:

**PARTIES**

1. Plaintiff is a resident of Arizona.

2. At all material times, Plaintiff worked remotely for the Kansas State Board of Healing Arts ("KSBHA") as an attorney in the agency's disciplinary department.

3. The KSBHA is a licensing and regulatory agency overseeing most health care providers in the State of Kansas.

4.  KSBHA does not have the capacity to sue or be sued, and Defendant State of Kansas oversees and authorizes the Board's functions.

5.  Defendant Derenda Mitchell is the current general counsel for KSBHA. She is sued in her individual capacity.

## JURISDICTION AND VENUE

6.  Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of the Equal Pay Act and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). The United States Department of Justice, Civil Rights Division, issued Plaintiff a Notice of Right to Sue letter pertaining to that charge on September 18, 2025.

7.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331. This Court maintains jurisdiction over related state law claims set forth herein pursuant to 28 U.S.C. § 1367.

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the acts and omissions giving rise to the causes of action set forth herein occurred in Topeka, Kansas.

## FACTS COMMON TO ALL COUNTS

9.  Plaintiff began working for KSBHA in March 2021 as a law clerk while attending law school.

10. Following graduation and successful passage of the Kansas Bar Exam, Plaintiff accepted an offer of full-time employment with KSBHA as an attorney in the agency's disciplinary department beginning on October 3, 2022.

11. During the course of her full-time employment, Plaintiff became aware her salary was disproportionately low when compared to a similarly situated male employee with

substantially similar responsibilities, and who joined the agency after she did, having just graduated law school himself.

12. Plaintiff on July 7, 2025 filed a charge of discrimination with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission alleging discrimination based on sex, as required to bring a claim under the Equal Pay Act, 29 U.S.C. § 206(d).

13. After the charge was filed, on August 8, 2025, KSBHA held its regular board meeting, which Plaintiff flew to Kansas to attend in person.

14. During the meeting, the Board adjourned into multiple executive sessions.

15. Plaintiff, along with other staffers, left the meeting during the executive session portions.

16. Following each executive session, Plaintiff and other staff that had left the meeting room returned to the meeting room to attend the other portions of that day's meeting.

17. The Board motioned to go into another executive session near the end of the day and while leaving the meeting room, Plaintiff was met by an officer with the Capitol Police Department.

18. The officer escorted Plaintiff to the office of the KSBHA Executive Director, Susan Gile where Gile told Plaintiff they had discovered a pen with audio recording capabilities that was in Plaintiff's personal padfolio that had remained in the meeting room during the executive session.

19. Plaintiff owns such a pen, but inadvertently left it behind and upon information and belief does not believe it to have been activated during the executive session.

20. The pen is not a cloud-based device, meaning anything it records can only be accessed from the physical pen itself.

21. Plaintiff was told by Gile that the pen was confiscated by law enforcement, and Plaintiff was immediately escorted from the building and placed on administrative leave.

22. Six days later, Defendants terminated Plaintiff's employment in a virtual meeting, effective immediately.

23. Though terminated immediately, Plaintiff was kept on paid administrative leave through September 2, 2025.

24. The adverse employment action was tied to Plaintiff filing a charge of discrimination with the EEOC, and confiscating the pen was mere pretext to justify her firing.

25. Following her termination, counsel for Plaintiff worked with the EEOC to file an amended charge of discrimination to include a count of retaliation.

26. Such a charge was amended August 19, 2025.

27. Thereafter, counsel for Plaintiff requested the EEOC issue a Notice of Right to Sue letter and administratively close Plaintiff's case so she could proceed to litigation.

28. The EEOC closed Plaintiff's claim and the Department of Justice, on behalf of the EEOC, issued a Notice of Right to Sue letter on September 18, 2025.

29. On October 14, 2025, Plaintiff received notice from the Kansas Bar that a disciplinary complaint had been levied against her by Defendant Mitchell.

30. The complaint contains allegations and information that is demonstrably false, and which Defendant Mitchell knew or should have known is demonstrably false.

31. The information put forth in the bar complaint could seriously damage Plaintiff's reputation and status in the legal community, and puts her bar license and other professional licenses she holds at risk.

32. The complaint, again riddled with inaccuracies and misstatements, is further retaliation for Plaintiff filing an EEOC charge.

### COUNT I
### VIOLATION OF THE EQUAL PAY ACT, 29 U.S.C. § 206(d)
### (Against Defendant State of Kansas)

33. Plaintiff incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff, a woman, was paid less than a similarly situated male employee in the agency.

35. Plaintiff performed work that was substantially equal to that of the male employee.

36. The skills, duties, supervision, effort, and responsibilities of the two jobs were substantially equal.

37. The conditions where the work was performed were basically the same.

38. The male employee was paid more despite having less experience and less credentials than Plaintiff possesses.

WHEREFORE, as a direct consequence of said unlawful pay practices, Plaintiff is entitled to judgment in an amount to be determined at trial.

### COUNT II
### EMPLOYMENT DISCRIMINATION ON THE BASIS OF SEX
### IN VIOLATION OF TITLE VII
### (Against Defendant State of Kansas)

39. Plaintiff incorporates by reference Paragraphs 1 through 38 as if fully set forth herein.

40. Plaintiff occupied a job with Defendant KSBHA similar to that of higher paid males, as fully laid out above.

41. Plaintiff was discriminated against on the basis of her sex by being paid less than male counterparts.

42. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has been deprived of income and other benefits of employment, both monetary and non-monetary.

43. As a further direct and proximate result of Defendant's acts and omissions, Plaintiff has suffered garden variety emotional distress damages, including a loss of self-esteem, humiliation, and mental anguish.

WHEREFORE, as a direct consequence of said unlawful treatment, Plaintiff is entitled to judgment in an amount to be determined at trial in excess of $75,000.00 against Defendant State of Kansas for all actual and compensatory damages incurred, and for such other and further relief as the Court deems just.

## <u>COUNT III</u>
## <u>TITLE VII RETALIATION</u>
## <u>(Against Defendant State of Kansas)</u>

44. Plaintiff incorporates by reference Paragraphs 1 through 43 as if fully set forth herein.

45. Plaintiff had a good faith and reasonable belief that Defendant State of Kansas was engaging in unlawful employment practices against her on the basis of sex.

46. Plaintiff exercised a protected right in filing a charge of discrimination with the EEOC.

47. Within one month, Plaintiff was retaliated against by being terminated for a pretextual reason.

48. As a direct and proximate result of Defendant State of Kansas' illegal retaliatory actions, Plaintiff has sustained damages in the form of lost wages, lost fringe benefits, loss of earning capacity, loss of career opportunity, pain and suffering, loss of enjoyment of life, humiliation, emotional distress, damage to her reputation, diminished job opportunities, and in other respects.

WHEREFORE, as a direct consequence of said unlawful retaliation, Plaintiff is entitled to judgment in an amount to be determined at trial in excess of $75,000.00 against Defendant State of Kansas for all actual and compensatory damages which she has incurred, reasonable attorney fees pursuant to 42 U.S.C. § 2000e-5(k), and such further relief as the Court deems just.

## COUNT IV
## DEFAMATION
### (Against Defendant Derenda Mitchell)

49. Plaintiff incorporates by reference Paragraphs 1 through 48 as if fully set forth herein.

50. Defendant Mitchell made defamatory statements about Plaintiff in the form of a bar complaint filed with the Kansas Office of the Disciplinary Administrator.

51. Therefore, the statement(s) were published to a third party.

52. The statement(s) contained in the bar complaint entirely misrepresent numerous allegations against Plaintiff, all of which Defendant Mitchell knew or should have known were false and harmful.

53. Defendant Mitchell was negligent in publishing the statement to the disciplinary administrator.

54. Plaintiff has suffered actual harm to her reputation as a direct result of the false and defamatory statements made against her by Defendant Mitchell. By the nature of a bar complaint, Plaintiff's law licenses and other professional licenses are now at risk because of allegations made against her which Defendant Mitchell knows or should know are not true.

WHEREFORE, as a direct and proximate result of Defendant Mitchell's unlawful conduct, Plaintiff has suffered damages in the form of loss of earning capacity, loss of career opportunity,

pain and suffering, loss of enjoyment of life, humiliation, emotional distress, damage to her reputation, diminished job opportunities, and in other respects.

## JURY DEMAND AND TRIAL DESIGNATION

Plaintiff hereby demands a jury trial on all issues with the location of trial designated as Kansas City, Kansas.

Respectfully submitted,

**GRISSOM MILLER LAW FIRM, LLC**

*/s/ Conner Mitchell*
Barry R. Grissom, KS #10866
Conner Mitchell, D. Kan. #79215
Jake Miller, KS #28337
Grissom Miller Law Firm, LLC
1600 Genessee Street, Ste. 460
Kansas City, MO 64102
T – 816-336-1213
F – 816-384-1623
barry@grissommiller.com
cam@grissommiller.com
jake@grissommiller.com

*Attorneys for Plaintiff*