IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRITANI POTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:25-CV-02743-JAR-GEB |
| ) | |
| STATE OF KANSAS and ) | |
| DERENDA MITCHELL, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT DERENDA MITCHELL'S MEMORANDUM
### IN SUPPORT OF MOTION TO DISMISS

Defendant Derenda Mitchell ("Mitchell") submits this Memorandum in Support of her Motion to Dismiss the single claim against her in Plaintiff's Complaint (ECF No. 1) pursuant to Fed. R. Civ. Pro. 12(b)(6). The claim against Defendant Mitchell alleges defamation solely for submitting a lawyer disciplinary complaint to the Office of the Disciplinary Administrator. Such claim is barred because disciplinary complaints are absolutely immune from liability. Kan. Sup. Ct. Rule 238. Accordingly, the defamation claim against Mitchell, which is the only claim against her, must be dismissed as a matter of law.

I. **NATURE OF THE CASE**

Plaintiff's lawsuit arises from her employment with the Kansas State Board of Healing Arts (the "Board"). Plaintiff was employed as an attorney in the agency's disciplinary department prior to her termination for misconduct on August 15, 2025. Following Plaintiff's termination, Mitchell submitted a confidential complaint to the Office of the Disciplinary Administrator for the Kansas Bar. Plaintiff's sole cause of action against Mitchell is a claim for defamation based on the disciplinary complaint.

II.     **STANDARD OF REVIEW**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "plausibility standard" requires more than "a sheer possibility that a defendant has acted unlawfully," and "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Tenth Circuit applies a two-step process to analyze a motion to dismiss for failure to state a claim. First, the court "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citing *Iqbal*). Then it "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.*

III.    **STATEMENT OF ALLEGED FACTS**

For the purposes of this motion only, Plaintiff's non-conclusory factual allegations may be presumed true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009). In her Complaint, Plaintiff asserts the following facts relevant to Mitchell:

Defendant Derenda Mitchell is the current general counsel for the Kansas Board of Healing Arts ("KSBHA"). Plaintiff's Complaint, Doc. No. 1 ("Complaint") at ¶5. Mitchell is sued in her individual capacity. *Id.* Mitchell and Plaintiff are both attorneys licensed in the state of Kansas. Complaint at ¶¶5, 10. Plaintiff was employed by the KSBHA as an attorney beginning on October 3, 2022. Complaint at ¶10. On or about October 14, 2025, Plaintiff received notice from the Kansas Bar that a disciplinary complaint had been levied against her by Defendant Mitchell. Complaint at

¶29. The bar complaint was filed with the Kansas Office of the Disciplinary Administrator. Complaint at ¶50.

In addition to the factual allegations, Plaintiff asserts several conclusory allegations relevant to her claim against Mitchell. As established in *Iqbal,* the following conclusory allegations are not entitled to the presumption of truth:

The bar complaint contains allegations and information that is demonstrably false, and which Mitchell knew or should have known is demonstrably false. Complaint at ¶30. The bar complaint is "riddled with inaccuracies and misstatements." Complaint at ¶32. The statements in the bar complaint "entirely misrepresent numerous allegations against Plaintiff." Complaint at ¶52. The information "put forth in the bar complaint" could "seriously damage Plaintiff's reputation and status in the legal community." Complaint at ¶31.

IV.   **ARGUMENTS AND AUTHORITIES**

Plaintiff's sole claim against Mitchell is a common law action for defamation. Under Kansas Law, a defamation claim requires showing "false and defamatory words, communicated to a third person, which result in harm to the reputation of the person defamed." *Hall v. Kan. Farm Bureau*, 50 P.3d 495, 504 (Kan. 2002).

**A.  Plaintiff's Complaint Fails to Meet the Pleading Standards Necessary to State a Claim for Defamation.**

Defamation claims present a "significant exception" to general liberal pleading standards because defamation constitutes a "traditionally disfavored" cause of action. *Bushnell Corp. v. ITT Corp.,* 973 F.Supp. 1276, 1287 (D. Kan. 1997). At the pleading stage, a defamation claim must meet the requirements of Fed. R. Civ. P. 8(a), providing sufficient notice of the complained-of-communications. *Heckman v. Zurich Holding Co.*, No. 06-2435-KHV, 2007 WL 677607, at *5 (D. Kan. Feb. 28, 2007). It is well-settled that Plaintiff must set forth "the allegedly defamatory words,

3

the communicator of those words, the persons to whom those words were published and the time and place of publication" to survive a motion to dismiss. *API Americas Inc. v. Miller*, No. 17-2617, 2018 WL 306728, at *2 (D. Kan. Jan. 5, 2018); *Heckman v. Zurich Holding Co. of Am.*, No. CIV.A. 06-2435-KHV, 2007 WL 677607, at *5 (D. Kan. Feb. 28, 2007); *Marten v. Yellow Freight Sys., Inc.,* 993 F.Supp. 822, 829 (D.Kan.1998); *Jackson v. Kan. County Ass'n Multiline Pool,* No. 03–4181, 2006 WL 963838, at *21 (D.Kan. Apr. 10, 2006).

The factual allegations in the Complaint are wholly insufficient to state a claim for defamation. Plaintiff alleges only that Mitchell "levied against her" a disciplinary complaint with the Kansas Bar. While Plaintiff claims the bar complaint contained "allegations and information that is demonstrably false," Plaintiff does not identify the false allegations or information. Plaintiff does not quote or identify the words she believes to be defamatory, thereby depriving Mitchell of the opportunity to defend herself. *See McGeorge v. Cont'l Airlines, Inc.*, 871 F.2d 952, 955 (10th Cir. 1989) ("[I]n the context of a defamation claim, Fed.R.Civ.P. 8(a) requires that the complaint provide sufficient notice of the communications complained of to allow [the defendant] to defend itself"). Not only does Plaintiff fail to identify the allegedly defamatory statements contained in the bar complaint, the Complaint does not even identify the subject matter or reason the bar complaint was filed.

While this procedural pleading deficiency could arguably be cured by an amended complaint, Plaintiff's defamation claim nonetheless fails on substantive grounds.

### B. **Plaintiff's Defamation Claim Must be Dismissed Because Bar Complaints are Entitled to Immunity Under Kansas Law.**

Even if Plaintiff had sufficiently pled her claim under Rule 8(a), which she did not, her defamation claim fails because Mitchell is entitled to absolute immunity for her report to the Kansas Disciplinary Administrator.

4

The Kansas Supreme Court Rules required Mitchell to submit a complaint to the Disciplinary Administrator regarding Plaintiff's actions. Specifically, Rule 210 requires that "an attorney who has knowledge of any action or omission that *in the attorney's opinion* constitutes misconduct must report the action or omission to the disciplinary administrator." Kan. Sup. Ct. Rule 210 (emphasis added). This directive encourages a member of the Kansas Bar to err on the side of reporting any action or omission that she believes to potentially constitute misconduct under the disciplinary rules. The Supreme Court recognized that "apprehension of personal liability for presenting a question of professional responsibility to the disciplinary administrator might tend to subvert the system established for ensuring that persons holding licenses to practice law are 'fit to be entrusted with professional and judicial matters.'" *Jarvis v. Drake*, 250 Kan. 645, 649, 830 P.2d 23, 26 (Kan. 1992) *quoting* Kan. Sup. Ct. R. 202.

To alleviate such concerns, Rule 238 provides that "a person is absolutely immune from liability for making an initial complaint or report" to the Kansas Board for Discipline of Attorneys. Kan. Sup. Ct. Rule 238. The grant of immunity reflects the "extreme importance" such complaints have to the "entire ethics system of this state." 830 P.2d at 25 (Kan. 1992) (finding it "of extreme importance [to] the entire ethics system of this state that any person that has a complaint against an attorney be allowed to express that complaint. It's the purpose of this system to find out whether it has merit or [does] not [have] merit"). Members of the bar, including Plaintiff, are protected from unwarranted reputational damage (the very harm Plaintiff alleges) because initial bar complaints are confidential unless and until the disciplinary administrator makes a probable cause finding. Kan. S. Ct. R. 237.

Kansas law is well-settled. The immunity granted by Rule 238 precludes a civil action by an attorney against a complainant, including the present suit for defamation. Plaintiff cannot state a claim for defamation against Mitchell arising from the contents of the bar complaint.

V.    **CONCLUSION**

Plaintiff's defamation claim must be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The Complaint lacks sufficient identification of the alleged defamatory statements, and even if such statements were sufficiently pled, Mitchell is entitled to absolute immunity for statements contained in the complaint filed with the Kansas Disciplinary Administrator.

Respectfully Submitted,

**FOULSTON SIEFKIN, LLP**

By: */s/ Anthony F. Rupp*
    Anthony F. Rupp, KS # 11590
    Sara E. O'Keefe, KS # 30850
    7500 College Boulevard, Suite 1400
    Overland Park, KS 66210
    T (913) 498-2100 | F (913) 498-2101
    trupp@foulston.com
    sokeefe@foulston.com

**ATTORNEYS FOR DEFENDANT
DERENDA MITCHELL**

**CERTIFICATE OF SERVICE**

I certify that on the 20th day of January, 2026, the foregoing was electronically filed with the Clerk of the Court by using the Court's e-Filing system which will send notification of electronic filing to counsel for all parties of record.

*/s/ Anthony F. Rupp*
Anthony F. Rupp, KS # 11590