IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRITANI POTTER,                          )
                                         )
            Plaintiff,                   )
                                         )
vs.                                      )        Case No. 2:25-CV-02743-JAR-GEB
                                         )
STATE OF KANSAS and                      )
DERENDA MITCHELL,                        )
                                         )
            Defendants.                  )

## DEFENDANT STATE OF KANSAS' ANSWER

Defendant State of Kansas ("Defendant") submits the following Answer to Plaintiff's Complaint. Defendant hereby denies every allegation not specifically admitted herein.

## PARTIES

1.      Defendant admits the allegations in Paragraph 1, based upon information and belief.

2.      Defendant admits the allegations in Paragraph 2.

3.      Defendant admits the allegations in Paragraph 3.

4.      Paragraph 4 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4.

5.      Defendant admits the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.      In response to the allegations in Paragraph 6, Defendant admits Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging discrimination, and a right to sue notice letter was issued on September 18, 2025. Except as specifically admitted herein, Defendant denies the remaining allegations in Paragraph 6.

7.      Defendant admits this Court has jurisdiction.

1

8.      Defendant admits venue is proper in this Court.

## FACTS COMMON TO ALL COUNTS

9.      Defendant admits the allegations in Paragraph 9.

10.     Defendant admits the allegations in Paragraph 10.

11.     Defendant denies the allegations in Paragraph 11.

12.     Defendant admits the allegations in Paragraph 12.

13.     In response to the allegations contained in Paragraph 13, Defendant admits the Kansas State Board of Healing Arts held a regularly scheduled meeting on August 8, 2025, and Plaintiff attended the meeting in person. Except as specifically admitted herein, Defendant denies the remaining allegations in Paragraph 13.

14.     Defendant admits the allegations in Paragraph 14.

15.     Defendant admits the allegations in Paragraph 15.

16.     Defendant admits the allegations in Paragraph 16.

17.     Defendant admits the allegations in Paragraph 17.

18.     Defendant admits the allegations in Paragraph 18.

19.     In response to the allegations contained in Paragraph 19, Defendant admits Plaintiff's pen containing a recording device was left in the meeting room during the executive session, but denies it was done inadvertently. Answering further, Defendant believes the pen was recording during the executive session. Except as specifically admitted herein, Defendant denies the remaining allegations in Paragraph 19.

20.     Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 20 and therefore denies the same.

21.     Defendant admits the allegations in Paragraph 21.

22.     In response to the allegations contained in Paragraph 22, Defendant admits Plaintiff was notified on August 14, 2025 that her unclassified appointment with the Board was terminated effective that day. Except as specifically admitted herein, Defendant denies the remaining allegations in Paragraph 22.

23.     In response to the allegations contained in Paragraph 23, Defendant admits Plaintiff was permitted to remain on paid administrative leave through September 2, 2025. Answering further, Defendant states that Plaintiff was instructed not to report to work after August 14, 2025. Except as specifically admitted herein, Defendant denies the remaining allegations in Paragraph 23.

24.     Defendant denies the allegations in Paragraph 24.

25.     In response to the allegations contained in Paragraph 25, Defendant admits Plaintiff filed an amended charge of discrimination that included a claim of retaliation. Except as specifically admitted herein, Defendant denies the remaining allegations in Paragraph 25.

26.     Defendant admits the allegations in Paragraph 26.

27.     Defendant admits the allegations in Paragraph 27.

28.     Defendant admits the allegations in Paragraph 28.

29.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 29, and therefore denies the same.

30.     Defendant denies the allegations in Paragraph 30.

31.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 31, and therefore denies the same.

32.     Defendant denies the allegations in Paragraph 32.

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT, 29 U.S.C. 206(d)
## (Against Defendant State of Kansas)

33.    Defendant incorporates by reference its responses to Paragraphs 1 through 32 as if fully set forth herein.

34.    In response to the allegations in Paragraph 34, Defendant admits Plaintiff is a woman, but Defendant denies the remaining allegations in Paragraph 34.

35.    Paragraph 35 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 35.

36.    Defendant denies the allegations in Paragraph 36.

37.    Defendant denies the allegations in Paragraph 37.

38.    Defendant denies the allegations in Paragraph 38. Defendant further denies that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph immediately following Paragraph 38.

## COUNT II
## EMPLOYMENT DISCRIMINATION ON THE BASIS OF SEX
## IN VIOLATION OF TITLE VII
## (Against Defendant State of Kansas)

39.    Defendant incorporates by reference its responses to Paragraphs 1 through 38 as if fully set forth herein.

40.    Defendant denies the allegations in Paragraph 40.

41.    Defendant denies the allegations in Paragraph 41.

42.    Defendant denies the allegations in Paragraph 42.

43.    Defendant denies the allegations in Paragraph 43. Defendant further denies that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph immediately following Paragraph 43.

## COUNT III
## TITLE VII RETALIATION
## (Against Defendant State of Kansas)

44.      Defendant incorporates by reference its responses to Paragraphs 1 through 43 as if

fully set forth herein.

45.      Defendant denies the allegations in Paragraph 45.

46.      Defendant admits the allegations in Paragraph 46.

47.      Defendant denies the allegations in Paragraph 47.

48.      Defendant denies the allegations in Paragraph 48. Defendant further denies that

Plaintiff is entitled to any of the relief requested in the unnumbered paragraph immediately below

Paragraph 48.

## COUNT IV
## DEFAMATION
## (Against Defendant Derenda Mitchell)

49.      Defendant incorporates by reference its responses to Paragraphs 1 through 48 as if

fully set forth herein.

50.      The allegations in Paragraph 50 are not directed at this Defendant.

51.      The allegations in Paragraph 51 are not directed at this Defendant.

52.      The allegations in Paragraph 52 are not directed at this Defendant.

53.      The allegations in Paragraph 53 are not directed at this Defendant.

54.      The allegations in Paragraph 54 are not directed at this Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant's affirmative and other defenses are set forth below. By stating a defense,

Defendant does not thereby assume the burden of proof on such defense except to the extent

applicable law requires it to plead and prove the defense in order to avail itself of the defense.

Defendant reserves the right to assert any additional defenses that arise during discovery or through evidence presented at trial.

1.      Defendant denies every allegation not specifically admitted herein.

2.      Plaintiff fails to state a claim for which relief can be granted.

3.      Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

4.      Some or all of Plaintiff's claims are barred for failure to timely exhaust her administrative remedies.

5.      The Court lacks subject-matter jurisdiction over any claims not properly exhausted in the administrative agency process.

6.      Defendant's conduct toward and treatment of Plaintiff was justified, legitimate, non-discriminatory, non-retaliatory, and undertaken in good faith.

7.      Defendant's actions taken toward Plaintiff were based on independent factors unrelated to Plaintiff's sex or alleged protected activity.

8.      Defendant is entitled to qualified immunity under the Eleventh Amendment, which bars some or all of Plaintiff's claims.

9.      To the extent any alleged discrimination or retaliation was a motivating factor with respect to any employment action taken by Defendants concerning Plaintiff, which it was not, the same actions would have been taken in the absence of a motivating factor.

10.      Plaintiff fails to establish a *prima facie* case for each count alleged.

11.      Any actions taken by Defendant were in good faith and without malice and were motivated by legitimate business and operational concerns, rather than retaliatory intent.

12.      No impermissible factors played any role in Defendant's treatment of Plaintiff.

13.     Defendant has not engaged in intentional, willful, or wanton discrimination with malice or reckless indifference to Plaintiff, and Defendant is therefore not liable for actual, compensatory, or punitive damages.

14.     Plaintiff's damages, if any, are not of the nature or extent alleged.

15.     Plaintiff's damages, if any, were not caused by the acts or omissions of Defendant.

16.     Plaintiff's claims for damages are barred or reduced to the extent she failed to mitigate her damages, if any.

17.     Plaintiff's claims for damages are barred to the extent they are speculative in nature.

18.     Plaintiff cannot obtain duplicative recovery under her claims for relief.

19.     Plaintiff's claims for damages are barred to the extent she seeks amounts in excess of the applicable limits imposed by Title VII or state law.

20.     Plaintiff's injuries, if any, were not caused by any act or omission of Defendant, but were caused by the fault of others, including Plaintiff.

21.     Plaintiff's claims may be barred, or her damages may be precluded or limited by the after-acquired evidence doctrine.

22.     Defendants reserve the right to amend their affirmative and other defenses as they may become known during discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests judgment in its favor and against Plaintiff on all claims, for their fees and expenses, and for such other relief as the Court may deem appropriate.

Respectfully Submitted,

**FOULSTON SIEFKIN, LLP**

By: */s/ Anthony F. Rupp*
    Anthony F. Rupp, KS # 11590
    Sara E. O'Keefe, KS # 30850
    7500 College Boulevard, Suite 1400
    Overland Park, KS 66210
    T (913) 498-2100 | F (913) 498-2101
    trupp@foulston.com
    sokeefe@foulston.com

**ATTORNEYS FOR DEFENDANT**
**STATE OF KANSAS**

## CERTIFICATE OF SERVICE

I certify that on the 20th day of January, 2026, the foregoing was electronically filed with the Clerk of the Court by using the Court's e-Filing system which will send notification of electronic filing to counsel for all parties of record.

                */s/ Anthony F. Rupp*
                Anthony F. Rupp, KS # 11590