IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRITANI POTTER,<br><br>       **Plaintiff,**<br><br>       v.<br><br>STATE OF KANSAS and DERENDA MITCHELL,<br><br>       **Defendants.** | Case No. 2:25-CV-2743-JAR-GEB |

# MEMORANDUM AND ORDER

Plaintiff Britani Potter brings this action against her former employer, the State of Kansas, alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, and against Derenda Mitchell, alleging defamation under Kansas law.  Before the Court is Defendant Mitchell's Motion to Dismiss (Doc. 10) and Plaintiff's Request for Partial Dismissal Without Prejudice (Doc. 14).  Plaintiff did not respond to Mitchell's motion to dismiss.  Instead, she seeks dismissal without prejudice.  Mitchell opposes Plaintiff's motion and maintains that because she enjoys absolute immunity from suit, the defamation claim alleged against her must be dismissed with prejudice.  The Court has considered the parties' filings and is prepared to rule.  For the reasons discussed below, the Court construes Plaintiff's motion as a notice of dismissal and, thus, finds Defendant's motion to dismiss is moot.

**I.      Background**

The following material facts are alleged in Plaintiff's Complaint.  The Court assumes them to be true for purposes of deciding this motion.

Plaintiff was employed as an attorney with the Kansas State Board of Healing Arts (the "Board"), in the disciplinary department, from October 3, 2022 until her termination on August

15, 2025.  Her claims against the State allege discrimination and retaliation on the basis of sex under Title VII.

Mitchell is the current general counsel for the Board.  Plaintiff is a licensed attorney in the state of Kansas.  On October 14, 2025, after she was terminated, Plaintiff received notice from the Kansas Bar that a disciplinary complaint had been levied against her by Mitchell.  Plaintiff alleges that the complaint contains "allegations and information that is demonstrably false, and which Defendant Mitchell knew or should have known is demonstrably false," and that "could seriously damage Plaintiff's reputation and status in the legal community, and puts her bar license and other professional licenses she holds at risk."[1]  Based on these facts, Plaintiff alleges a defamation claim under Kansas law against Defendant Derenda Mitchell in her individual capacity.

## II.   Discussion

Mitchell filed a motion to dismiss the defamation claim under Fed. R. Civ. P. 12(b)(6), arguing that the Complaint does not allege sufficient facts to state a plausible claim of defamation, and that the claim should be dismissed because bar complaints are entitled to absolute immunity under Kansas law.  Plaintiff did not file a response to this motion.  Instead, she filed a motion for partial dismissal without prejudice, on the basis that because Mitchell had filed a motion to dismiss, she "is unable to dismiss her status in the case without prejudice according to Fed. R. Civ. P. 41(a)(1)(A)(i)."[2]

Federal Rule of Civil Procedure 41(a)(1)(A)(i) instructs that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves

---

[1] Doc. 1 ¶¶ 30–31.
[2] Doc. 14 ¶ 2.

either an answer or a motion for summary judgment."³  A plaintiff's notice of dismissal need not invoke Rule 41(a)(1)(A)(i) explicitly.⁴  Mitchell has served neither an answer nor a motion for summary judgment.  Under these circumstances, Rule 41(a)(1)(A)(i) allows Plaintiff to dismiss this action as a matter of right by filing a notice of dismissal.  It does not matter that Mitchell has filed a motion to dismiss.⁵

Thus, the Court construes Plaintiff's motion to dismiss Mitchell without prejudice as a notice of dismissal under Rule 41(a)(1)(A)(i).  No action is required of the Court; "the dismissal 'is effective at the moment the notice is filed with the clerk,' and an order granting dismissal is 'superfluous, a nullity, and without procedural effect.'"⁶  Mitchell's motion to dismiss is moot in light of Plaintiff's dismissal without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Request for Partial Dismissal Without Prejudice (Doc. 14) shall be treated as Notice of Dismissal.  The Clerk shall terminate Defendant Mitchell from this action effective February 9, 2026.

**IT IS FURTHER ORDERED** that Defendant Mitchell's Motion to Dismiss (Doc. 10) is **moot**.

**IT IS SO ORDERED.**

Dated: March 13, 2026

---

³ Fed. R. Civ. P. 41(a)(1)(A)(i).

⁴ *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (holding that a *pro se* plaintiff's letter requesting dismissal could be construed as a Rule 41(a)(1)(A)(i) notice of dismissal despite not expressly invoking Rule 41(a)); *Hirsh v. Enhanced Recovery Co.,* No. 20-1134-DDC-KGG, 2020 WL 5986292, at *2 (D. Kan. Oct. 8, 2020) (construing a *pro* se plaintiff's motion to dismiss as a notice of dismissal under Rule 41(a)(1)(A)(i)).

⁵ *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) ("Denman was the only defendant to appear, and it filed a motion to dismiss, not an answer or a motion for summary judgment.  Thus, De Leon could have dismissed the case unilaterally under Rule 41(a)(1)(A)(i)."); *Lundahl v. Halabi*, 600 F. App'x 596, 603 (10th Cir. 2014) ("The motions to dismiss filed by . . . Defendants did not preclude [plaintiff's] unilateral dismissal of the case.").

⁶ *Lundahl*, 600 F. App'x at 603 (quoting *Janssen*, 321 F.3d at 1000).

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE