# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRITANI POTTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil No. 25-2743-JAR-GEB** |
| | ) | |
| STATE OF KANSAS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

On **March 11, 2026**, U.S. Magistrate Judge Gwynne E. Birzer conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Britani Potter appeared through counsel Conner Mitchell, by phone. Defendant State of Kansas appeared through counsel Sara O'Keefe, by phone.[1]

Following is a brief summary of the nature of the case:

This is an employment discrimination and defamation case. Plaintiff alleges pay discrimination and Title VII retaliation, as well as defamation related to the termination of her employment. Defendant denies it engaged in unlawful conduct and asserts Plaintiff's employment was terminated for legitimate non-discriminatory and non-retaliatory reasons. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the laws of the United States, as well as supplemental jurisdiction under 28 U.S.C. § 1367

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

**1.    Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation.  Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **April 10, 2026**.  Defendant must make a good-faith counter-proposal by **May 10, 2026**.  By **May 29, 2026**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at ksd_birzer_chambers@ksd.uscourts.gov.  These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office.  These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge.  If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts.  Absent further order of the court, mediation is ordered no later than

**August 10, 2026**. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

2.      **Discovery.**

a.      The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **March 27, 2026**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served as necessary and **40 days before the deadline to complete discovery** so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

b.      All discovery must be commenced or served in time to be completed by **September 14, 2026**.

c.      The parties agree that principles of comparative fault do not apply.

d.      The parties have stipulated that no expert testimony will be used.

**e.**    The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

**f.**    The court considered the following discovery problem(s) raised by one or more of the parties: None.

**g.**    Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

1. The parties will confer in good faith about the use of and requests for ESI, including reasonable search terms and processes, date ranges, and custodians.

2. The parties will confer in good faith about the costs of ESI discovery and whether those costs should be shared among the parties.

3. In response to discovery requests that request production of ESI or other documents, such items shall be produced in PDF form.

4. All ESI and documents produced in PDF form shall be Bates labeled.

5. For electronic files that cannot be readily converted to PDF format, a PDF placeholder (page stating Bates number and description of item produced) shall be included with the PDF production and the original ESI or document will be produced in its native format. Examples of files that may not readily be converted to image format include: spreadsheets (Excel), databases, audio files, and video files. For data files that are not easily viewable with readily available software or that contain privileged information, the parties will confer on production in a readable format or make other suitable arrangements.

6. Notwithstanding Fed. R. Civ. P. 34(b)(2)(E)(iii), a party may request ESI be produced in its native format even if a PDF copy has already been produced in response to a request for production that did not specify the form of production. This provision is intended to avoid the unnecessary time and money expended by producing all ESI in native format in the initial production. However, no party wishes to waive its right to discover ESI in its native format if the need arises. The parties agree to exercise their rights under this subsection in good faith, including meeting and conferring to discuss such requests, and to only request such production if there is a legitimate need to do so.

7. When a party wishes to discover the native format of any ESI or document that was produced in PDF form, the party will notify the other party in writing and identify the PDF by Bates number(s) or a detailed description.

**h.**      Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> In accordance with the procedures described in the Court's form protective order (or a similar protective order) that will be submitted as a proposed order to the court.

**i.**      All depositions will be governed by the written guidelines on the court's website: *https://ksd.uscourts.gov/file/843*

**j.**      Discovery may be governed by a protective order.  If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **March 27, 2026**.  This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*https://ksd.uscourts.gov/file/919*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c).  A pre-approved form protective order is available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **March 27, 2026**.

**k.**      The parties do consent to electronic service of disclosures and discovery requests and responses.  *See* Fed. R. Civ. P. 5(b).

5

**l.**     The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

### 3.     Motions

**a.**     Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **April 13, 2026**.

**b.**     All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **October 30, 2026**.  The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**c.**     Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.  Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.  The parties should follow the summary-judgment guidelines available on the court's website:

6

https://ksd.uscourts.gov/file/326.

**d.** Parties agree no Motions pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, will be filed in this case.

**e.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

**f.**      To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**g.**      Page limitations for principal briefs, responses and replies must comply with D. Kan. Rule 7.1.

**4.      Pretrial Conference, Trial, and Other Matters.**

**a.**      Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **October 6, 2026 at 10 a.m.** by videoconference.  Attorneys wishing to appear by phone may request permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **September 29, 2026**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to ksd_birzer_chambers@ksd.uscourts.gov.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

**b.**      The parties expect the jury trial of this case to take approximately 3-5 trial days in Kansas City, Kansas.  The court will subsequently set this case for trial.

**c.**      If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

9

*https://ksd.uscourts.gov/civil-forms*

**d.**   This scheduling order will not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated March 17, 2026, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **March 27, 2026** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **March 27, 2026** |
| Plaintiff's settlement proposal | **April 10, 2026** |
| Defendant's settlement counter-proposal | **May 10, 2026** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **May 29, 2026** |
| Comparative fault identification | **N/A** |
| Motions to amend | **April 13, 2026** |
| Mediation completed | **August 10, 2026** |
| Experts disclosed | **N/A** |
| Physical and mental examinations | **N/A** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **September 14, 2026** |
| Proposed pretrial order due | **September 29, 2026** |
| Pretrial conference | **October 6, 2026 at 10 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **October 30, 2026** |
| Trial @ Kansas City, Kansas— ETT 3-5 days | **TBD** |

10