**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

BRITANI POTTER,                          )
                                         )
            Plaintiff,                   )
                                         )
vs.                                      )        Case No. 25-2743-JAR-GEB
                                         )
STATE OF KANSAS                          )
                                         )
            Defendant.                   )

**PROTECTIVE ORDER**

The parties agree that it may be necessary during discovery to disclose certain confidential

information relating to the subject matter of this action. They agree that certain categories of such

information should be treated as confidential, protected from disclosure outside this litigation, and

used only for purposes of prosecuting or defending this action and any appeals. The parties jointly

request entry of a protective order to limit the disclosure, dissemination, and use of certain

identified categories of confidential information.

In support of the parties' request, they assert that protection of the identified categories of

confidential information is necessary because certain information will be the subject of discovery

in this case that the parties and certain non-party entities or individuals deem personal, confidential

information, the public disclosure of which may cause serious embarrassment or financial harm to

the individuals. This lawsuit will require the exchange of documents containing highly confidential

information, including personnel records, medical records, financial information about the parties

that may include account numbers or other sensitive data, and other information that is exempt

from disclosure under the Kansas Open Records Act. See Kan. Stat. Ann. § 45-221(a). Personnel

documents regarding Plaintiff's employment, and employment of Plaintiff's comparators (non-

parties to this litigation), are central to this lawsuit and may be disclosed in discovery. Public disclosure of such information, which may include disciplinary documents, performance evaluations, and other confidential information, may adversely impact future employment or career prospects of such individuals. Financial data, including compensation information, tax return documents, banking and financial records and information regarding the parties' net worth may be disclosed in discovery, and public disclosure may result in embarrassment, identity theft, or financial harm if exploited by a third party.

Further, Plaintiff's job duties during her employment involved disciplinary complaints investigated by the Kansas State Board of Healing Arts (the "Board"), and state law requires that such investigations and complaints remain confidential except under narrow circumstances, which are not relevant to this litigation. *See* Kan. Stat. Ann. § 65-2898a. Accordingly, certain documents and information related to investigations is protected by law from public disclosure in court records.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and enters the following Protective Order:

1.    **Scope.**    All documents and materials produced in discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.    **Definition of Confidential Information.**    As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been

2

previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.   For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

a)    Employment records, including personnel files, performance reviews, disciplinary documents, medical records and information, and other personnel documents of Plaintiff and other  current or former employees of the State of Kansas or the Board;

b)    Records exempt from disclosure under the Kansas Open Records Act including confidential, internal correspondence relating to sensitive personnel or management matters involving Plaintiff, her coworkers, supervisors, or alleged comparators;

c)    Any documents relating to disciplinary complaints or investigations, or any records identifying any individual who is the subject of an investigation or the source of information obtained in connection with an investigation, unless such information has been previously disclosed to the public in a legal proceeding or a proceeding before the Board;

d)    Financial records for Plaintiff and non-parties; and

e)    Other records whose disclosure is restricted by state or federal law.

Information or documents that are available to the public may not be designated as Confidential Information.

3.    **Form and Timing of Designation.**   The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the document's legibility. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying

the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* certifies that the document contains Confidential Information.

4.    **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 30 days after discovering the inadvertent failure.

5.    **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6.    **Protection of Confidential Material.**

(a)    **General Protections.**    Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

(b)    **Who May View Designated Confidential Information.**    Except with the designating party's prior written consent or prior court order, Confidential Information may only be disclosed to the following persons:

(1)    The parties, including their employees, agents, and representatives;

(2)    Counsel for the parties and their employees and agents;

4

(3) The court and court personnel, including any special master appointed by the court, and members of the jury;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the court or jointly selected by the parties;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)** **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information.  Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

(d) **Artificial Intelligence ("AI").**  To the extent that a receiving party (including anyone acting on or at the receiving party's behalf or direction, e.g., its vendors, experts,

etc.) submits Confidential Information to any AI tool, the receiving party must ensure the following:

      (1)    that the receiving party can delete all Confidential Information from the AI tool at the conclusion of this litigation consistent with Paragraph 10(b);

      (2)    that Confidential Information submitted to the AI tool and results received from it are not accessible to anyone who is not authorized to receive Confidential Information pursuant to this Order; and

      (3)    that the AI tool is used in a secure environment.

The receiving party must destroy any Confidential Information from such tool(s) at the conclusion of the litigation consistent with Paragraph 10(b).

      **7.**    **Filing Confidential Information.**  Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal and any party seeking to file a document under seal must comply with this court's under-seal filing procedure set forth in D. Kan. Rule 5.4.2 and Standing Order 25-04. Merely designating information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the court's permission after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel. In order to minimize under-seal filings, a party should avoid filing Confidential Information unnecessarily. Specifically, a party should avoid filing Confidential Information that is unnecessary to the issues presented and file only relevant excerpts.

8.      **Challenging a Confidential Designation.** Any party may challenge the designation of any material or document as Confidential Information. Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge, but must first arrange for a telephone conference with the undersigned magistrate judge as required by D. Kan. Rule 37.1(a) before filing such a motion. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

9.      **Using Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10.      **Obligations on Conclusion of Litigation.**

(a)      **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)      **Returning or Destroying Confidential Documents.** Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, the receiving party shall return or destroy all documents designated as containing Confidential

7

Information, including copies as defined above, unless the document has been offered into evidence or filed without restriction as to disclosure. However, the receiving party is not required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, Confidential Information contained in deposition transcripts, or Confidential Information contained in draft or final expert reports.

(c)    **Retaining Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

11.    **Modification.**    This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12.    **Enforcement.**    Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

13.    **No Prior Judicial Determination.**    This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

14.	**Persons Bound.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

15.	**Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

16.	**Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

17.	**Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  A receiving party that is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Information must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a

receiving party in this action to disobey a lawful directive from another court.   The obligations in this paragraph remain in effect while the party has Confidential Information in its possession, custody, or control.

**18.    Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**   Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection based on  attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.   Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 3 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of this Order.   Although the provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e), and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order limits a party's right to review documents, including ESI, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED.**

Dated April 20, 2026, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge


**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**


GRISSOM & MILLER LAW FIRM, LLC
/s/ Conner Mitchell
Barry R. Grissom, KS #10866
Conner Mitchell, D. Kan. #79215
Jake Miller, KS #28337
1600 Genessee Street., Suite 460
Kansas City, MO 64102
Phone: (816) 336-1213
Fax: (816) 384-1623
barry@grissommiller.com
cam@grissommiller.com
jake@grissommiller.com

ATTORNEYS FOR PLAINTIFF

Dated:   March 27, 2025


**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**


FOULSTON SIEFKIN, LLP

/s/ Sara O'Keefe
Anthony F. Rupp, KS # 11590
Sara O'Keefe, KS # 30850
7500 College Blvd., Suite 1400
Overland Park, KS 66210
Tel. 913-253-2133
Fax. 913-498-2101
trupp@foulston.com
sokeefe@foulston.com


ATTORNEYS FOR DEFENDANT

Dated:   March 27, 2025

11

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

BRITANI POTTER,                          )
                                         )
          Plaintiff,                  )
                                         )
vs.                                      )          Case No. 25-2743-JAR-GEB
                                         )
STATE OF KANSAS                          )
                                         )
          Defendant.                  )

**ATTACHMENT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges having read the Protective Order attached hereto in the above-referenced case, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that its terms obligate the undersigned to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____    _____
                               Signature