EXHIBIT
10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **BRITANI POTTER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2:25-cv-02743-JAR-GEB** |
| **v.** | ) | |
| | ) | |
| **STATE OF KANSAS** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES**

Defendant submits the following responses and objections to Plaintiff's First Set of Interrogatories. Defendant reserves the right to update these objections and its answers as discovery continues.

These responses are based on information currently available to the Kansas State Board of Healing Arts, an agency of Defendant (the "Agency"), and may be supplemented as discovery continues, without prejudice to Defendant's right to produce or rely on subsequently discovered information. Nothing in these responses is intended to be or should be construed as a waiver of the attorney-client privilege or the work product doctrine. Inadvertent production of any privileged information is not intended to be and shall not operate as a waiver and should be treated as set forth in the Protective Order agreed upon in this case.

No incidental or implied admissions are intended in these responses. That Defendant has responded to all or any part of a request should not be taken as an admission that Defendant accepts or admits the existence of any fact(s) set forth in or assumed by that request or that Defendant's response constitutes admissible evidence. That Defendant has responded to all or any part of a

request also is not intended to be, and shall not be, a waiver by Defendant of all or any part of its objection(s) to that request.

Defendant has not completed its investigation of the facts relating to this case, discovery in this action, or preparation for trial. The following responses are based upon information known at this time and given without prejudice to Defendant's rights to supplement these responses with any subsequently discovered information.

## INTERROGATORIES

**INTERROGATORY NO. 1:** For each interrogatory, state the name, last known address, phone number, and employment position of the person answering or contributing to the answer and specify the answer or information provided by said person. This interrogatory seeks that each numbered interrogatory be accounted for by identifying some person or persons who provided factual information for each interrogatory. Please do not simply provide names without reference to which interrogatories each person identified is responsible for.

**ANSWER:**

Defendant objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Defendants answers to these interrogatories were prepared using information gathered from multiple sources, including business records of the Agency, with the assistance of in-house counsel and counsel of record in this litigation.

**INTERROGATORY NO. 2:** For Plaintiff's term of employment, state the following: Plaintiff's job title, the dates each position was held, the direct supervisor or manager for each position, the reason for each change in position, the rate(s) of pay for each position, and the qualifications necessary for each position.

**ANSWER:**

In accordance with Rule 33, the answer to this interrogatory can be ascertained from a review of documents contained in Plaintiff's personnel file, previously produced, including the following: DEF000153-155; DEF000157; DEF000160; DEF000175-178.

**INTERROGATORY NO. 3:** For the time period of January 1, 2022 through present, identify each human resource employee who worked for or with the Kansas State Board of Healing Arts, and for each human resource employee state the following: name, last known address and phone number, position and dates of employment.

**ANSWER:**

Sheila Rice, HR Manager, through April 2023
Rikki Price, HR Manager, April 30, 2023 to present
Susan McClain, Administrative Specialist, was briefly responsible for processing time records and is unlikely to have any information relevant to this litigation.

Ms. Rice and Ms. Price are both current employees of Defendant and may be contacted through counsel for Defendant.

**INTERROGATORY NO. 4:** For the time period encompassing Plaintiff's employment with Defendant (and the Kansas State Board of Healing Arts), please state "yes" or "no" as to whether Plaintiff satisfactorily performed her job duties to Defendant's satisfaction. If "no", itemize with specificity all facts and documents supporting your contention that Plaintiff's job performance was inadequate or unsatisfactory. Identify individuals providing information or criticisms of Plaintiff's performance by name, last known address and phone number, positions, and dates of employment.

**ANSWER:**

Defendant objects to this interrogatory as overly broad and unduly burdensome to the extent it requires Defendant to state whether Plaintiff "satisfactorily performed" all of her job duties at any time during her employment, without regard to the relevancy to this litigation of any inadequacy or the materiality of such inadequacy. Further, Plaintiff may have failed to satisfactorily perform a particular job duty, the fact of which may not have

been documented or reported to anyone in a position of authority. As a result, this interrogatory requires Defendant to survey each and every employee or customer/licensee with whom Plaintiff interacted during her employment to determine whether she performed her job duties in a way that satisfies Defendant. Defendant further objects to this interrogatory as it is seeks information that is not relevant to either party's claims or defenses, because Plaintiff was not terminated for failure to perform her job duties satisfactorily.

Defendant states that in accordance with Rule 33, any written or material failure to perform job duties satisfactorily about which the Agency is presently aware, may be ascertained through an examination of the documents contained in Plaintiff's personnel file, previously produced.

**INTERROGATORY NO. 5:** For the time period encompassing Plaintiff's employment with Defendant (and the Kansas State Board of Healing Arts), please state "yes" or "no" as to whether you contend Plaintiff violated any of your work rules, policies, and/or procedures. If "yes," identify the rule, regulation, policy, order, or procedure that you contend Plaintiff violated or failed to follow, the factual basis for your position that Plaintiff violated or failed to follow work rules, the date that you contend Plaintiff violated the rule, and the individuals that determined or concluded that Plaintiff violated rules.

**ANSWER:**

Defendant objects to this interrogatory as overly broad and unduly burdensome to the extent it requires Defendant to identify "any" work rules, policies, and/or procedures Plaintiff violated during her employment with Defendant, without regard to the relevancy of any such violation to this litigation or the materiality of any such violation. For example, Plaintiff may have violated a work rule or policy regarding attendance or communication, which violation may not have been documented or which may not have been reported to anyone in a position of authority. As a result, this interrogatory requires Defendant to survey each and every employee or customer/licensee with whom Plaintiff interacted during her employment to determine whether she violated any of its rules, policies or procedures. Defendant further objects to this interrogatory to the extent it would require Defendant to report any of Plaintiff's violations of any law, policy, procedure, or regulation of the State of Kansas, including violations of tax laws, attorney disciplinary rules, and even routine traffic violations committed on state highways.

In accordance with Rule 33, regarding those violations of policies related to her employment with Defendant, and in connection with her work for the Agency, about which

the Agency is presently aware, the response to this interrogatory may be determined through an examination of the documents contained in Plaintiff's personnel file and other documents previously produced. Defendant further believes Plaintiff's conduct violated state and federal privacy laws, her State of Kansas Employee's Oath, as well as policies contained in the Agency's Employee Handbook and/or the Agency's Policy and Procedure Manual, including but not limited to, the following:

- KSBHA Code of Conduct
- Confidential Information
- Flexible Work Schedule
- Telework
- Employee Work Hours
- Staff Relations
- IT Security Awareness and related IT Security Standards
- Acceptable Use Policy/Systems Security Obligations
- KSBHA Nondisclosure of Confidential Information
- Telework (Policy No. 2021-07-02)
- Secure Data Transmission (Policy No. 2020-08-03)

**INTERROGATORY NO. 6:** For the time period encompassing Plaintiff's employment with Defendant (and the Kansas State Board of Healing Arts), please state whether Plaintiff was ever disciplined, warned, written-up, suspended, complained about by a co-worker or customer, and/or placed on an action plan or performance improvement plan and state the date and reason for each such action. If the answer is in the affirmative, identify each person involved in issuing the discipline by name, last known address and phone number, position and dates of employment. Describe all documents that memorialize such discipline, warning, write-up or suspension.

**ANSWER:**

Defendant objects to this interrogatory as overly broad and unduly burdensome to the extent it requires Defendant to state whether Plaintiff "was ever" at any time during her employment "disciplined, warned, written-up, suspended," or even "complained about by a co-worker or customer" without regard to materiality or relevancy to this litigation. This interrogatory requires Defendant to conduct an exhaustive search of not only its written documents (including email messages and text messages) between and among Plaintiff's coworkers, but further requires Defendant to survey each and every co-worker or customer/licensee with whom Plaintiff ever interacted during her employment to determine

whether they had any complaints about Plaintiff, regardless of how trivial or irrelevant such complaint may be to this litigation.

Defendant states that it is aware of multiple verbal complaints regarding Plaintiff received from Plaintiff's coworkers, most of which are likely irrelevant to this litigation. Defendant is aware of written complaints from Plaintiff's coworkers, which it agrees to produce, and from which the information requested in this interrogatory may be ascertained in accordance with Rule 33. Moreover, written disciplinary action or performance improvement plans would be contained in Plaintiff's personnel file and related documents, previously produced.

**INTERROGATORY NO. 7:** Identify all attorneys in Defendant's (Kansas State Board of Healing Arts, specifically) employ who are male for the time period encompassing Plaintiff's employment. For each individual, state their name, gender, dates and positions of employment, starting salary, current salary, last known address and phone number, and if terminated, state the reason for termination and reason for any rehire.

**ANSWER:**

Defendant objects to this interrogatory as overly broad and irrelevant to the extent it seeks information regarding employees beyond those who were similarly situated to Plaintiff, including employees who held a different position, performed different job duties, reported to a different supervisor, or worked in a different department from Plaintiff.

The following attorneys held the same position as Plaintiff during the relevant period:

Sarah Peterson-Herr
Assoc. Disciplinary Counsel
Position Entry Date 10/16/2023
$2,615.38 Biweekly

Chantel Duncan
Assoc. Disciplinary Counsel
Position Entry Date 11/09/2025
$2,692.31 Biweekly

Britani Potter
Assoc. Disciplinary Counsel
Position Entry Date 10/03/2022
$2,115.38 Biweekly
Position End Date 09/03/2025

Termination

Current employees may be contacted only through counsel for Defendant.

**INTERROGATORY NO. 8:** For the time period January 1, 2021 through present, list and describe every complaint, charge and/or lawsuit brought against Defendant alleging gender discrimination/harassment, retaliation, and/or pay, and for each such complaint, charge, or lawsuit state: the name and address of each person filing or registering the complaint, charge, and/or lawsuit; the jurisdiction/forum of the lawsuit; case or docket number; name and address of plaintiff's attorney; status of the charge, complaint and/or lawsuit; and resolution/result of the charge, complaint and/or lawsuit.

**ANSWER:**

Defendant objects to this interrogatory as overly broad and not proportionate to the needs of the case, in that it seeks every complaint, charge, or lawsuit alleging gender discrimination or harassment, retaliation. The request for every complaint, regardless of materiality, requires Defendant to engage in an exhaustive search and inquiry for every employee complaint (written, verbal, formal, and informal) made by any one of approximately 51,000 employees in over 50 distinct departments, agencies, boards, or commissions throughout the state. As such, this interrogatory is not limited to only those claims at issue in this case to the extent they seek information about complaints filed by employees at any agency, regardless of the decisionmaker at issue or the location where Plaintiff worked. For example, harassment allegations or retaliation complaints filed against Defendant by employees working as corrections officers in Wyandotte County, or investigators in Sedgwick county would be wholly irrelevant to Plaintiff's claims as an employee of the KSBHA in Topeka. Defendant further objects to this interrogatory as overly broad and not proportionate to the needs of the case as it seeks irrelevant information regarding harassment claims, which are unrelated to the claims in this litigation. Defendant further objects to this interrogatory to the extent it seeks, for every responsive lawsuit, information that is publicly available and therefore equally available to Plaintiff, which can be compiled with substantially the same burden as for Defendant.

**INTERROGATORY NO. 9:** Describe any and all complaints made by Plaintiff during the term of her employment. This includes, but is not limited to, informal complaints, formal grievances, etc.

**ANSWER:**

Defendant objects to this interrogatory as overly broad and unduly burdensome to the extent it requires Defendant to describe "any and all" complaints, regardless of the subject matter of the complaint (including whether the complaints were relevant to her employment with Defendant), the materiality of the complaint, and the individual to whom Plaintiff complained. As a result, this interrogatory requires Defendant to account for any and all complaints, no matter how trivial or irrelevant to her employment, that Plaintiff made to anyone, regardless of their position at the agency. Defendant further objects to this interrogatory because it seeks "complaints," a term that is undefined and subject to multiple, reasonable interpretations, requiring Defendant to speculate as to Plaintiff's meaning. Defendant further objects to the extent this interrogatory requires Defendant to speculate or guess as to what information Plaintiff believes to be encompassed by use of the term "etc."

Defendant agrees to produce documents containing Plaintiff's written complaints relating to her employment with Defendant, about which the Agency is aware, from which the answer to this interrogatory may be derived in accordance with Rule 33. For documents previously produced, see DEF000184-192; DEF000195; DEF000211-215.

**INTERROGATORY NO. 10:** State why Plaintiff's personal materials were searched during the August 8, 2025 meeting of the Kansas State Board of Healing Arts, when the search occurred, on whose authority the search was conducted, as well as who searched through the materials.

**ANSWER:**

Defendant objects to this interrogatory to the extent it assumes there was a "search of Plaintiff's personal materials," which Defendant believes to be an unsubstantiated legal conclusion.

Additional information regarding any alleged "search" is available from the Kansas Highway Patrol, Capitol Police Division, and the Shawnee County District Attorney's office. Responding further, Defendant refers to DEF000217-218, previously produced.

**INTERROGATORY NO. 11:** List any witnesses to the search of Plaintiff's personal materials during the August 8, 2025 meeting of the Kansas State Board of Healing Arts.

**ANSWER:**

Defendant objects to this interrogatory to the extent it assumes there was a "search of Plaintiff's personal materials," which Defendant believes to be an unsubstantiated legal conclusion.

At the time Plaintiff's recording device was confiscated, the following individuals are believed to have been present in the room: Board members, legal counsel Derenda Mitchell, Scott Henricks, Susan Gile, and Trooper Tyler Hummel. Responding further, Defendant refers to DEF000217-218, previously produced.

**INTERROGATORY NO. 12:** State any individuals who provided information leading to the search of Plaintiff's personal materials during the August 8, 2025 meeting of the Kansas State Board of Healing Arts. Include name, last known contact information, and what the information provided was.

**ANSWER:**

Defendant objects to this interrogatory to the extent it assumes there was a "search of Plaintiff's personal materials," which Defendant believes to be an unsubstantiated legal conclusion.

Regarding the discovery of Plaintiff's recording device, Defendant refers to DEF000217-218, previously produced.

**INTERROGATORY NO. 13:** State what evidence Defendant possesses which indicates Plaintiff intentionally recorded an executive session of the Kansas State Board of Healing Arts.

**ANSWER:**

Defendant objects to this interrogatory as irrelevant to the extent it attempts to impose upon Defendant some burden to prove Plaintiff's "intent" to commit a crime. Defendant further objects to producing or providing any information in the custody or control of any state agency other than the Kansas State Board of Healing Arts. Defendant further objects to the extent this interrogatory is an attempt by Plaintiff to circumvent the rules of criminal procedure to obtain information relating to charges that may be filed against her in state or federal court. Defendant further objects to producing or providing any information that is confidential under state or federal law and information that is protected by attorney-client privilege and/or the work product doctrine.

The Agency is aware that Plaintiff brought a recording device into a meeting of the Board. The recording device is evidence currently in the custody of the Kansas Highway Patrol.

The Agency is aware that Plaintiff's recording device must be physically turned on/off in order to record and/or intercept communication.

Plaintiff's device contains an recording of executive sessions of the Board, which Plaintiff was not authorized to attend. A videorecording of the meeting immediately prior to the executive session is evidence that Plaintiff knew recording and computing devices were prohibited. The videorecording is evidence that Plaintiff was instructed to leave the room and take her electronic possessions. The videorecording has been produced to Plaintiff.

The recording from Plaintiff's device was saved as an audio file, which contains evidence that Plaintiff intercepted private conversations to which she was not a party, and/or used a device to record conversations without the consent of any parties to the conversation. The audio file of the recording is in the possession and custody of the Kansas Highway Patrol, and a copy of the audio file is in the possession of counsel for Defendant.

A videorecording of Plaintiff searching for the recording device after it was confiscated is in the possession of the Agency and has been produced to Plaintiff.

Respectfully submitted by,

**FOULSTON SIEFKIN LLP**

By: *<u>/s/ Sara E. O'Keefe</u>*

Anthony F. Rupp, KS Bar No. 11590
Sara E. O'Keefe, KS Bar No. 30850
7500 Defendant Boulevard, Suite 1400
Overland Park, KS 66210
T (913) 498-2100 | F (913) 498-2101
trupp@foulston.com
sokeefe@foulston.com

**ATTORNEYS FOR DEFENDANT STATE OF KANSAS**

## CERTIFICATE OF SERVICE

On this 10th day of August 2026, a complete copy of the foregoing was served via electronic mail to counsel for Plaintiff at the addresses below:

| | |
|---|---|
| Sarah Liesen<br>sliesen@elmlawkc.com | Conner Mitchell<br>cmitchell@elmlawkc.com |

By: *<u>/s/ Sara E. O'Keefe</u>*